# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **DAVID PERKINS** | **CIVIL ACTION** |
| **VERSUS** | **NO: 09-4786** |
| **HERTZ EQUIPMENT RENTAL CORPORATION** | **SECTION: "S" (2)** |

## ORDER AND REASONS

**IT IS HEREBY ORDERED** that the Motion for Summary Judgment filed by defendant, Hertz Equipment Rental Corporation (Doc. #20), is **GRANTED**, and the complaint is **DISMISSED**.

## BACKGROUND

This matter comes before the court on a motion for summary judgment filed by defendant, Hertz Equipment Rental Corporation ("Hertz"). Hertz argues that plaintiff, David Perkins, has failed to provide sufficient evidence to maintain his burden of proof regarding Hertz's alleged negligence, and as a result, Hertz is entitled to summary judgment.

On January 24, 2008, A & L Underground Inc. ("A & L") rented a Ford F750 dump truck from Hertz. At the time of the rental, a representative of A & L inspected the vehicle and executed a document confirming that the vehicle met all equipment safety requirements. On April 11, 2008, plaintiff, an A & L employee, was driving the vehicle when its back tires fell off. Plaintiff filed suit

against Hertz alleging that it was negligent in maintaining the vehicle and that it failed to warn of an unsafe condition.

## ANALYSIS

**1.     Legal Standard**

Summary judgment is proper when, viewing the evidence in the light most favorable to the non-movant, "there is no genuine issue as to any material fact and ... the moving party is entitled to judgment as a matter of law." Amburgey v. Corhart Refractories Corp., 936 F.2d 805, 809 (5th Cir. 1991); FED. R. CIV. PROC. 56(c). If the moving party meets the initial burden of establishing that there is no genuine issue, the burden shifts to the non-moving party to produce evidence of the existence of a genuine issue for trial. Celeotex Corp. v. Catrett, 106 S.Ct. 2548, 2552 (1986). The non-movant cannot satisfy the summary judgment burden with conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence. Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). If the opposing party bears the burden of proof at trial, the moving party does not have to submit evidentiary documents to properly support its motion, but need only point out the absence of evidence supporting the essential elements of the opposing party's case. Saunders v. Michelin Tire Corp., 942 F.2d 299, 301 (5th Cir. 1991).

**2.     Hertz's Motion for Summary Judgment**

Plaintiff alleges that Hertz is liable for its negligence in connection with the maintence of the vehicle. Under Louisiana law, to prevail on a claim for negligence, the plaintiff must prove: (1) the defendant had a duty to conform his conduct to a specific standard (the duty element); (2) the defendant's conduct failed to conform to the appropriate standard (the breach element); (3) the

defendant's substandard conduct was a cause in fact of the plaintiff's injuries (the cause-in-fact element); (4) the defendant's substandard conduct was a legal cause of the plaintiff's injuries (the scope of liability or scope of protection element); and (5) the actual damages (the damages element). Lemann v. Essen Lane Daiquiris, Inc., 923 So.2d 627, 633 (La. 2006) (citing Fowler v. Roberts, 556 So.2d 1, 4 (La.1989)). A negative answer to any of the inquiries of the duty-risk analysis results in a determination of no liability. Mathieu v. Imperial Toy Corp., 646 So.2d 318, 321 (La.1994).

Hertz contends that it did not have a duty to maintain the vehicle while it was in A & L's control. The rental agreement between Hertz and A & L provided that A & L, as the customer, was responsible for the vehicle's maintenance. Also, by signing the agreement, A & L acknowledged that it inspected the vehicle and found it to be in good mechanical condition prior to accepting it, and that A & L would notify Hertz if the vehicle were later found not to be in good condition. Indeed, a representative of A & L inspected the vehicle prior to accepting it and found no problems. Moreover, A & L did not report any problems regarding the vehicle to Hertz prior to the April 11, 2008, accident.

Plaintiff argues that it is possible that the vehicle was returned to Hertz prior to April 11, 2008, and that Hertz either gave A & L a different vehicle than the one that was previously inspected or that Hertz may have performed some maintenance on the vehicle prior to the accident.

Plaintiff has not presented any proof to support his contentions. Further, Hertz has shown that the vehicle involved in the accident was tendered to A & L on January 24, 2008, and returned to Hertz after the accident on June 12, 2008. Specifically, Hertz presented evidence of the vehicle's milage on the date of delivery to A & L and the date of return, which is consistent with the time of

3

usage. A & L inspected the vehicle prior to accepting it, and found no problems. A & L had possession of the vehicle, and was responsible for its maintenance for more than two months prior to the accident. Therefore, Hertz did not owe plaintiff a duty regarding the maintenance of the vehicle, and Hertz is entitled to summary judgment.

## CONCLUSION

**IT IS HEREBY ORDERED** that the Motion for Summary Judgment filed by defendant, Hertz Equipment Rental Corporation (Doc. #20), is **GRANTED**, and the complaint is **DISMISSED**.

New Orleans, Louisiana, this 12th day of July, 2010.

**MARY ANN VIAL LEMMON**
**UNITED STATES DISTRICT JUDGE**